**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL NAFES and FAHEGA SULJUKI NAFES,<br><br>        Plaintiff,<br>    vs.<br>WILLMARK COMMUNITIES, INC. and PROMINENCE WILLMARK COMMUNITIES, INC.,<br><br>        Defendant. | CASE NO. 12CV0144-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants Willmark Communities, Inc. and Prominence Willmark Communities, Inc. (ECF No. 10).

**BACKGROUND**

On January 18, 2012, Plaintiffs Rafael Nafes and Fahega Suljuki Nafes initiated this action by filing a complaint. (ECF No. 1). On February 8, 2012, Plaintiffs filed a First Amended Complaint ("Complaint") against Willmark Communities, Inc. ("Willmark") and Prominence Willmark Communities, Inc. ("Prominence"). (ECF No. 3).

In the Complaint, Plaintiffs allege that they were tenants in Defendants' apartment in San Marcos, California, from July 2009 to March 2011. Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") by billing Plaintiffs for move-out charges to which Defendants were not entitled, falsely representing the character and amount of the debt

1 owed, communicating with Plaintiffs after being notified that Plaintiffs were represented by
2 counsel, using rude, abusive, and harassing language in telephone calls made to collect the
3 alleged debt, and threatening to forward Plaintiffs' account to collections after Plaintiffs
4 disputed the debt. Plaintiffs allege that "Plaintiffs sued [D]efendant Prominence in small
5 claims court resulting in a judgment against Defendant Prominence for the wrongful retention
6 of the security deposit." *Id.* at 4.

7 On March 1, 2012, Defendants filed a motion to dismiss and request for judicial notice.
8 (ECF Nos. 10, 10-3). Defendants contend that the claims asserted by Plaintiff in this case are
9 barred by res judicata because the claims were, or should have been, litigated in the state court
10 small claims case. On March 19, 2012, Plaintiffs filed an opposition to the motion to dismiss.
11 (ECF No. 11). Plaintiffs contend that the claims asserted in this case allege harms to separate
12 primary rights that were not litigated in small claims court and that the claims are not barred
13 by res judicata. On March 26, 2012, Defendants filed a reply. (ECF No. 12).

## DISCUSSION

### I.     Request for Judicial Notice

16 Defendants request that the Court take judicial notice of the case in filed by Plaintiff
17 Fahega Nafes in small claims court and the judgment in that case. (ECF No. 10-3). A court
18 "may take notice of proceedings in other courts, both within and without the federal judicial
19 system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508
20 F.3d 1212, 1225 (9th Cir.2007) *quoting Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n. 2 (9th
21 Cir.2002).

22 The Court takes judicial notice that on August 10, 2011, Plaintiff Fahega Nafes filed
23 a claim against Defendant Prominence in San Diego County Superior Court small claims court
24 for $7,500. (ECF No. 10-3 at 4-6). In that case, Plaintiff claimed that Defendant Prominence
25 "has not given me any accounts of the charges against me. This is my security deposit." *Id.*
26 at 5. Plaintiff stated that the amount owed by Defendant Prominence was: "Security deposit
27 $224 + CC Section 1950.5 ($448) + additional charges $1,348 + punitives $5480." *Id.* The
28 Court takes judicial notice that on September 13, 2011, judgment was issued in Plaintiff

1  Fahega Nafes's small claims case against Defendant Prominence in the amount of $150
2  principal and $75 costs. *Id.* at 8-9.

3  **II.     Motion to Dismiss**

4        Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim
5  upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6)
6  is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support
7  a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
8  1990). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint
9  "does not need detailed factual allegations" but the "[f]actual allegations must be enough to
10 raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
11 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
12 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
13 of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

14       When considering a motion to dismiss, a court must accept as true all "well-pleaded
15 factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However,
16 a court is not "required to accept as true allegations that are merely conclusory, unwarranted
17 deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d
18 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir.
19 2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual
20 content, and reasonable inferences from that content, must be plausibly suggestive of a claim
21 entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)
22 (quotations omitted).

23       "Under res judicata, a final judgment on the merits of an action precludes the parties or
24 their privies from relitigating issues that were or could have been raised in that action." *Allen*
25 *v. McCurry,* 449 U.S. 90, 94 (1980). A federal court must give to a state court judgment the
26 same preclusive effect as would the courts of the state in which it was rendered. *Chao v. A-One*
27 *Medical Services, Inc.,* 346 F.3d 908, 921 (2003) citing *Migra v. Warren City Sch. Dist. Bd.*
28 *of Educ.,* 465 U.S. 75, 81 (1984). Under California law, the elements of res judicata and

collateral estoppel are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Pitzen v. Superior Court,* 120 Cal.App.4th 1374, 1381 (2004) quoting *Brinton v. Bankers Pension Services, Inc.,* 76 Cal.App.4th 550, 556 (1999).

To determine whether a claim is barred by res judicata, California employs the primary rights test under which "the significant factor is the harm suffered, and that the same facts are involved in both suits is not conclusive." *Friedman Professional Management Co., Inc. v. Norcal Mut. Ins. Co.*, 120 Cal.App.4th 17, 28 (2004) quoting *Agarwal v. Johnson,* 25 Cal.3d 932, 954 (1979). "[T]he 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Boeken v. Philip Morris USA, Inc.,* 48 Cal.4th 788, 798 (2010) (citations omitted). "[A] primary factor... is whether the record in the former proceeding adequately reflects the issues actually litigated and decided in that proceeding." *Pitzen,* 120 Cal.App.4th at 1384.

In the small claims case, Plaintiffs sought recovery of a wrongfully withheld security deposit pursuant to California Civil Code § 1950.5, which provides for actual damages, statutory damages, and "bad faith" damages. Cal. Civ. Code § 1950.5 (l).[1] The harm suffered was financial and Plaintiffs' primary right was to proper security deposit accounting by their landlord. In the present case, Plaintiffs seek damages pursuant to the FDCPA and Rosenthal Act for Defendants' alleged wrongful conduct in collecting additional move-out debts allegedly owed by Plaintiffs. The harm suffered is emotional distress and Plaintiffs' primary

---

[1] California Civil Code § 1950.5 provides that: "(a) This section applies to security for a rental agreement for residential property that is used as the dwelling of the tenant.... (l) The bad faith claim or retention by a landlord or the landlord's successors in interest of the security or any portion thereof in violation of this section, or the bad faith demand of replacement security in violation of subdivision (j), may subject the landlord or the landlord's successors in interest to statutory damages of up to twice the amount of the security, in addition to actual damages. The court may award damages for bad faith whenever the facts warrant that award, regardless of whether the injured party has specifically requested relief. In any action under this section, the landlord or the landlord's successors in interest shall have the burden of proof as to the reasonableness of the amounts claimed or the authority pursuant to this section to demand additional security deposits.

right is freedom from illegal debt collection practices. The small claims case and the present case allege separate harms suffered and involve separate primary rights.

California Civil Code § 1950.5 requires timely and accurate accounting of tenant security deposits, but does not regulate collection efforts. The records submitted by Defendants do not reflect which issues were actually litigated in the small claims court case beyond Plaintiff's claim pursuant to California Civil Code § 1950.5 and request for damages permissible under that statute. Defendants fail to show any "record in the former proceeding [that] adequately reflects the issues actually litigated and decided in that proceeding." *Pitzen,* 120 Cal.App.4th at 1384. Defendants fail to show that "[a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding." *Id.* at 1381. Accordingly, Defendant's motion to dismiss is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Willmark Communities, Inc. and Prominence Willmark Communities, Inc. (ECF No. 10) is DENIED.

DATED: June 20, 2012

**WILLIAM Q. HAYES**
United States District Judge